NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINO REYNALDO CABRERA
MENDOZA, AKA Alberto Cortez Valencia,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-73308

Agency No. A205-311-124

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2022[**]
Pasadena, California

Before:  PAEZ and WATFORD, Circuit Judges, and BENNETT,[***] District Judge.

Lino Reynaldo Cabrera Mendoza, a native and citizen of Mexico, petitions

for review of an order of the Board of Immigration Appeals (BIA) affirming the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

**1.** Cabrera Mendoza waived review of the denial of his claims for asylum and withholding of removal by failing to address the agency's dispositive reasons for denying relief. With respect to asylum, Cabrera Mendoza did not challenge the agency's finding that he was subject to the one-year time bar and had not demonstrated changed country conditions to overcome the bar. *See* 8 U.S.C. § 1158(a)(2)(B), (D).

With respect to withholding of removal, Cabrera Mendoza did not challenge the agency's finding that his proposed particular social group of "Mexicans returning from the United States, who are parents of minor United States children, perceived to have money, and which the Mexican government is unable or unwilling to protect from drug cartels and/or associated criminal elements" is not cognizable. He also failed to challenge the agency's adverse credibility finding. We lack jurisdiction to consider the new proposed particular social group that Cabrera Mendoza asserts before us—"owner of small business operated by young woman"—because he failed to raise it before the agency, and it is therefore unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**2.** Cabrera Mendoza failed to challenge the agency's dispositive finding that he is ineligible for protection under CAT because he did not demonstrate that

the Mexican government would participate or acquiesce in any future torture. Any challenge to the merits of the agency's CAT ruling is thus waived. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**